UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HEDGE LANE SHAWNEE, LLC,

       Plaintiff,

v.

       Case No. 24-cv-2131-KHV-TJJ

CTW TRANSPORTATION SERVICES, INC.,

       Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Leave to File Amended Counterclaims and Intervene (ECF No. 21). Defendant requests leave to file its proposed First Amended Counterclaims (ECF No. 21-1) adding three new counterclaims and joining two nonparties to its counterclaims. Plaintiff opposes the motion. As explained below, Defendant's motion is granted. Defendant may amend its counterclaims to add the proposed new counterclaims and permissively join both nonparties under Fed. R. Civ. P. 13(h) and 20(a) to the counterclaims. Joinder of alleged non-diverse CTW Acquisition Holdings, LLC, ("CTWAH") is not required under Rule 19(a)(1). In any event, the Court has supplemental jurisdiction over newly joined CTWAH's proposed counterclaims.

## I.    Factual and Procedural Background

Plaintiff Hedge Lane Shawnee, LLC filed its Complaint (ECF No. 1) on April 4, 2024, alleging this Court has original subject-matter jurisdiction over this case pursuant to 28 U.S.C. §1332(a), based upon diversity of citizenship between Plaintiff and Defendant CTW Transportation Services, Inc. Plaintiff asserts claims arising from the alleged breach of an Office Lease Agreement (the "Lease") by its tenant, Defendant, for commercial property located in Shawnee, Kansas. Plaintiff seeks damages arising from Defendant's alleged failure to pay monthly

rent obligations (Count I), as well a declaratory judgment that the Lease has not been terminated (Count II). Defendant filed an Answer (ECF No. 9) asserting counterclaims against Plaintiff for fraudulent inducement (Counterclaim One) and fraud by silence (Counterclaim Two) (collectively the "Fraud Counterclaims").

On July 11, 2024, the Court entered a Scheduling Order (ECF No. 20) in this case that set an October 7, 2024 deadline to file any motions to amend the pleadings or join additional parties. Defendant timely filed the instant motion by that deadline, requesting leave to add counterclaims and join two additional entities.

## II.     Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 33)

As an initial matter, the Court grants Plaintiff's motion for leave to file its sur-reply brief. Defendant did not file any response opposing the motion and Plaintiff's proposed sur-reply addresses new arguments regarding joinder that were first raised in Defendant's reply brief.[1] Plaintiff's sur-reply, attached as an exhibit to its motion (ECF No. 33-1), is deemed filed and was considered by the Court in its rulings herein.

## III.    Summary of Specific Relief Sought in Defendant's Motion

Defendant requests leave to file its proposed First Amended Counterclaims, adding the following three new counterclaims against Plaintiff: unjust enrichment (Counterclaim Three), breach of oral contract (Counterclaim Four), and breach of fiduciary duties (Counterclaim Five) (collectively the "New Counterclaims"). Through the First Amended Counterclaims Defendant also proposes to join Plaintiff's management company, BridgeCap Partners LLC ("BridgeCap"), as a counterclaim <u>defendant</u> to the New Counterclaims as well as to Defendant's previously pled

---

[1] *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) ("Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply.").

Fraud Counterclaims. It also proposes to join Defendant's parent company, CTWAH, as a counterclaim <u>plaintiff</u> on the new breach of oral contract and breach of fiduciary duties counterclaims and the Fraud Counterclaims. Alternatively, Defendant requests permission for CTWAH to intervene in this case as a party to the counterclaims. As Defendant's requested amendment of its counterclaims and joinder of BridgeCap and CTWAH implicate different procedural rules and jurisdictional issues in this diversity case, the Court discusses them separately below.

## IV.    Fraud Counterclaims and Proposed New Counterclaims Against Plaintiff

Before discussing joinder of BridgeCap and CTWAH, the Court first addresses Defendant's proposed amendment to add the three New Counterclaims against Plaintiff pursuant to Fed. R. Civ. P. 15(a)(2). Plaintiff opposes the amendment based upon futility.

Under Rule 15(a)(2), a party may amend its pleadings "only with the opposing party's written consent or the court's leave."  The Rule also instructs that the court "should freely give leave when justice so requires."[2] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[3]

"A proposed amendment is futile if the amended answer containing a counterclaim would be subject to dismissal."[4] Courts analyze the proposed pleading using the same standard as a

---

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[4] *Bank Midwest v. R.F. Fisher Elec. Co., LLC*, No. 19-2560-JAR-GEB, 2021 WL 38008, at *6 (D. Kan. Jan. 5, 2021) (citations omitted); *Eagle v. USA Dent Co., LLC*, No. 20-CV-01146-JWB-TJJ, 2022 WL 17903796, at *2 (D. Kan. Dec. 23, 2022).

motion to dismiss under Fed. R. Civ. P. 12(b)(6).[5] When utilizing this standard, "the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party."[6] Only if the court finds the proposed claims do not contain enough facts to state a claim for relief plausible on its face or the claims otherwise fail as a matter of law should the court find the amendment futile.[7] The party opposing the proposed amendment bears the burden of establishing its futility.[8]

Plaintiff argues Defendant's Fraud Counterclaims fail for lack of particularity under Rule 9(b), are barred by the statue of frauds, and barred as a matter of law. However, Defendant already asserted its Fraud Counterclaims against Plaintiff in its original Answer (ECF No. 9). Defendant therefore does not need leave to amend to add them against Plaintiff. Accordingly, the Court need not address Plaintiff's futility arguments opposing Defendant's existing Fraud Counterclaims against Plaintiff. To the extent Plaintiff argues futility of Defendant's proposed Fraud Counterclaims against Plaintiff's managing company BridgeCap, the Court will address those arguments in section V.B. below, discussing joinder of BridgeCap.

With respect to Defendant's proposed three New Counterclaims, Plaintiff argues they are futile because they are barred by the Missouri statute of frauds, which requires credit agreements be in writing, because they are based upon representations to extend credit or make other financial accommodations. Defendant counters this argument by asserting it is not required to include in its

---

[5] *Bank Midwest,* 2021 WL 38008, at *6.

[6] *Id.*

[7] *Id.*

[8] *Eagle,* 2022 WL 17903796, at *2.

counterclaims allegations addressing an anticipated statute of frauds affirmative defense that Plaintiff may subsequently raise. The Court agrees. The statute of frauds is an affirmative defense under Rule 8(c)(1), therefore Plaintiff would bear the burden to plead it in responding to Defendant's counterclaims. Under the standards for amendment of a pleading, Defendant is not required to include allegations negating an anticipated affirmative defense Plaintiff may choose to raise in response to those counterclaims.[9] The Court finds Defendant's proposed New Counterclaims against Plaintiff are not futile merely based upon Plaintiff's anticipated assertion of a statute of frauds affirmative defense. Accordingly, the Court grants Defendant's request to add the three New Counterclaims against Plaintiff.

## V.     Proposed Counterclaims Against NonParty BridgeCap

Defendant also requests leave to join Plaintiff's management company, BridgeCap, as a counterclaim defendant on the two existing Fraud Counterclaims and three New Counterclaims. Plaintiff opposes the motion, arguing Defendant's attempt to join BridgeCap through counterclaims is procedurally improper, and Defendant must instead proceed under Fed. R. Civ. P. 14, by filing a third-party complaint and serving it upon BridgeCap. Plaintiff also argues the counterclaims Defendant seeks to assert against BridgeCap are futile and the Court does not have personal jurisdiction over nonparty BridgeCap.

---

[9] *See Bistline v. Parker*, 918 F.3d 849, 876 (10th Cir. 2019) ("A complaint need not anticipate any affirmative defenses that may be raised by the defendant, including the statute of limitations; it is the defendant's burden to plead an affirmative defense."); *Ramada Franchise Sys., Inc. v. Tresprop, Ltd.*, 75 F. Supp. 2d 1205, 1217 (D. Kan. 1999), supplemented, (D. Kan. Nov. 1, 1999) ("[A] claimant is not required to negate an affirmative defense in its complaint.").

### A.    Joinder of BridgeCap is Proper Under Fed. R. Civ. P. 13(h)

Plaintiff argues Defendant's proposed joinder of BridgeCap through its requested amendment adding the New Counterclaims is procedurally improper. There is frequent "confusion between the joinder of additional parties under Rule 13(h) and the impleader provisions of Rule 14."[10] However, "the two rules are quite different in purpose and effect."[11] Rule 14 "deals exclusively with the addition of third parties who may be liable to the third-party plaintiff for part or all of the damages claimed by the original plaintiff," while Rule 13(h) authorizes joinder of parties "only for the purposes of adjudicating counterclaims or crossclaims that already have been interposed in the action or that are being *asserted simultaneously* with the motion to add the new parties."[12]

Defendant's proposed counterclaims against BridgeCap are not derivative of Plaintiff's claim against Defendant, meaning they do not seek damages from BridgeCap in the event Defendant is found liable to Plaintiff for breach of the Lease. Instead, Defendant's proposed counterclaims arise from the representations and actions of Plaintiff and its management company BridgeCap before Defendant entered into the Lease. The Fraud Counterclaims are already interposed in this action and the New Counterclaims are being asserted simultaneously with Defendant's motion to join BridgeCap. Under these circumstances, the Court finds Defendant may properly proceed under Rule 13(h), in conjunction with Rule 20(a)(2), to request permissive joinder of BridgeCap on its counterclaims.

---

[10] *Integrated Bus. Techs., LLC Netlink Sols., LLC v. Doyle*, No. 16-CV-048-TCK-FHM, 2017 WL 536839, at *1 (N.D. Okla. Feb. 9, 2017) (quoting 6 Arthur R. Miller, Mary Kay Kane, Benjamin Spencer, *Federal Practice & Procedure* § 1434 (3d ed)).

[11] *Id.*

[12] *Id.* (emphasis added).

Federal Rule of Civil Procedure 13(h) permits the joining of nonparties to a counterclaim, stating that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim."[13] Cases from this District, however, limit Rule 13(h) to only authorize joinder of new persons provided that the counterclaim or crossclaim "involves at least one existing party" and is not directed solely against persons who are not already parties to the original action.[14]

In this case, Defendant's proposed counterclaims are asserted against both an existing party (Plaintiff) and nonparty BridgeCap and are not directed solely against BridgeCap. Defendant therefore can use Rule 13(h) to join BridgeCap through its proposed First Amended Counterclaims, provided that joinder is allowed under Rule 19 or 20. Rule 19 sets forth the criteria for *required* joinder, while Rule 20 governs *permissive* joinder. Neither Defendant nor Plaintiff argues joinder of BridgeCap is required under Rule 19, the Court therefore analyzes whether Defendant meets the more lenient standard for permissive joinder of BridgeCap under Rule 20. Defendant is proposing to join BridgeCap as a counterclaim <u>defendant</u>, the Court therefore looks to Rule 20(a)(2) governing permissive joinder of defendants.[15] That Rule provides persons may be joined in one action as defendants if:

---

[13] Fed. R. Civ. P. 13(h). *See also Bd. of Cnty. Comm'rs of Cnty. of Marshall v. Cont'l W. Ins. Co.*, No. 01-2183-CM, 2002 WL 73394, at *3 (D. Kan. Jan. 2, 2002) ("The federal rules expressly authorize joinder of non-parties to a counterclaim if such joinder is made pursuant to Rule 19 or 20 of the Federal Rules of Civil Procedure.").

[14] *Amco Ins. Co. v. Keim Properties, LLC*, No. 16-CV-2842-JAR-TJJ, 2017 WL 2774652, at *1 (D. Kan. June 27, 2017); *Raytheon Aircraft Credit Corp. v. Pal Air Int'l, Inc.*, 923 F. Supp. 1408, 1414 (D. Kan. 1996) (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1435). *See also Indep. Drug Wholesalers Grp., Inc. v. Denton*, No. 92-2164-JWL, 1993 WL 62142, at *5 (D. Kan. Feb. 12, 1993) (allowing defendant to add new parties as additional counterclaim defendants pursuant to Rule 13(h) and 20 because the plaintiff was a party to the counterclaim).

[15] *See SourceRock Energy Partners, LP v. Redhawk Advisors, LLC*, No. 21-1299-TC-ADM, 2022 WL 1125565, at *3 (D. Kan. Apr. 15, 2022) (applying Rule 20(a)(2) in ruling on the defendant's motion for leave to join counterclaim defendants).

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.[16]

The purpose of Rule 20(a) is to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."[17] "[J]oinder of claims, parties and remedies is strongly encouraged," and courts liberally construe the joinder provisions of Rule 20.[18]

Defendant seeks to join BridgeCap on the two existing Fraud Counterclaims, alleging that both Plaintiff and BridgeCap made the representations and promises Defendant relied upon and induced it to enter into the Lease. Defendant alleges in its proposed First Amended Counterclaims that BridgeCap is Plaintiff's "Registered Agent" and "Manager," and provided financial assistance to Defendant and Defendant's parent company, CTWAH, including a $250,000 line of credit.[19] Defendant also alleges it relied upon representations from Plaintiff "through its manager BridgeCap" that BridgeCap would provide significant amounts of financing going forward to Defendant. Defendant states BridgeCap did make certain loans in the months immediately following execution of the Lease, but then stopped doing so by the end of 2022. Defendant also seeks to join BridgeCap on its three New Counterclaims because they "all flow from the same facts" underlying Defendant's existing Fraud Counterclaims.

---

[16] Fed. R. Civ. P. 20(a)(2).

[17] *SourceRock Energy*, 2022 WL 1125565, at *2 (quoting 7 Wright, Miller & Kane, *Federal Practice and Procedure* § 1652 (3d ed. 2001)).

[18] *Id.* (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

[19] ECF No. 21-1, ¶¶ 1–2, 9.

The Court finds Defendant's request to join BridgeCap on its existing Fraud Counterclaims satisfies Rule 20(a)(2). Defendant alleged in its original Answer the specific representations Plaintiff allegedly made to induce Defendant to enter into the Lease were also made by Plaintiff "by and through its manager BridgeCap."[20] The right to relief sought in these counterclaims arises out of the same Lease-related communications at issue and involves common issues of law and fact. With respect to Defendant's proposed three New Counterclaims against BridgeCap, the Court finds the right to relief asserted against it also arises out of the same transactions or series of transactions—that is, the communications by Plaintiff "by and through its manager BridgeCap," that allegedly induced Defendant to enter into the Lease—and would raise common questions of fact and law. The Court therefore finds Defendant's proposed permissive joinder of BridgeCap as a counterclaim defendant under Rule 13(h) on the existing Fraud Counterclaims and New Counterclaims is proper under Rule 20(a)(2).

**B.    The Proposed Counterclaims Against BridgeCap are Not Futile**

The Court next considers Plaintiff's arguments that Defendant's proposed counterclaims against BridgeCap are futile. Plaintiff argues Defendant's counterclaims are futile because they lack sufficient particularity under Rule 9(b), are barred by the statute of frauds, and are barred as a matter of law. Plaintiff argues the Fraud Counterclaims fail for lack of particularity, as required under Rule 9(b), because Defendant has only identified the individuals who purportedly made representations to Defendant, but not who these individuals were purportedly acting on behalf of, or when and where these representations were made. Plaintiff describes Defendant's proposed

---

[20] ECF No. 9, ¶ 31.

amended counterclaim as only suggesting that Plaintiff's managing company, BridgeCap, and not Plaintiff, promised to provide open-ended financial support to Defendant.

Defendant contends its proposed counterclaims are not futile because it has set forth the circumstances constituting fraudulent inducement and fraud by silence with sufficient particularity to satisfy the requirements of Rule 9(b). Defendant states it has included a substantial number of allegations in the proposed First Amended Counterclaim asserting that the founding partners of Bridge-Cap, Eric Pelfrey and John Holt, represent the entities and their involvement in this controversy.

Fed. R. Civ. P. 9(b) requires a party alleging fraud to state "with particularity the circumstances constituting fraud." The party asserting the fraud claim must "describe the circumstances of the fraud, i.e. the time, place, and content of the false representation; the identity of the person making the representation; and the harm caused by [the party's] reliance on the false representation."[21] Stated differently, Rule 9(b) requires the "who, what, where, when, and how" of the alleged fraud to give the requisite level of notice required.[22]

Defendant asserts the following allegations against BridgeCap in its proposed First Amended Counterclaims:

> 3. Mr. Nick Nelson is the Chief Executive Officer, formerly also the president of [Defendant], and 100% owner of CTW Acquisition Holdings, LLC ("CTWAH") through another company.
>
> * * *
>
> 5. Mr. Eric Pelfrey is a Managing Partner at BridgeCap Partners, LLC ("BridgeCap"), the brother of Mr. Elliot Pelfrey, and a close, long-time friend of Mr. Nelson.

---

[21] *Arena v. Wal-Mart Stores, Inc.*, 221 F.R.D. 569, 571 (D. Kan. 2004) (citing *Ramada Franchise Sys., Inc. v. Tresprop, Ltd.*, 188 F.R.D. 610, 612 (D. Kan. 1999)).

[22] *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1277 (10th Cir. 2023).

\* \* \*

12. In the fall of 2022, Mr. Eric Pelfrey made a specific oral representation to Mr. Nelson that BridgeCap would make at least three million dollars of growth capital available for [Defendant] and CTWAH.

13. Mr. Eric Pelfrey and Mr. Holt represented to [Defendant] and CTWAH that BridgeCap would raise additional capital that [Defendant] and CTWAH would require for its aggressive growth.

14. Relying upon these representations of support, [Defendant] entered into three additional leases in 2022[.]

\* \* \*

21. Mr. Eric Pelfrey and Mr. Holt made representations to [Defendant] and CTWAH offering substantial assistance to accompany the Additional Leases, including an oral representation by Mr. Holt that BridgeCap would be willing to "tear up" the Greenhorn Pueblo Lease if [Defendant] and CTWAH determined that the Pueblo facility was not strategic for [Defendant].

22. In or around January 2023, shortly after the Greenhorn Pueblo Lease was executed, BridgeCap communicated to [Defendant] and CTWAH that it had reconsidered its position regarding the pledge of at least three million dollars of growth capital for [Defendant] and CTWAH. After this communication, neither [Defendant] nor CTWAH received any more financial support from BridgeCap or its affiliates.

23. In 2023, [Defendant] was forced to cut expenses and lay off employees as it attempted to satisfy its obligations to BridgeCap affiliates under the Additional Leases.[23]

The Court finds Defendant's allegations of fraud satisfy the particularity requirements of Rule 9(b), with the exception of the "when" component. Defendant identifies Mr. Pelfrey, BridgeCap's Managing Partner, as making the specific oral representation to Defendant's owner, Mr. Nelson, in fall 2022 that "BridgeCap would make at least three million dollars of growth capital available" for Defendant and CTWAH. Defendant identifies the founding partners of BridgeCap, Mr. Pelfrey and Mr. Holt, as making representations "offering substantial assistance

---

[23] Def.'s First Am. Counterclaims, ECF No. 21-1.

to accompany the Additional Leases." Defendant identifies Mr. Holt as making the representation that BridgeCap would be willing to "tear up" the Greenhorn Pueblo Lease. Defendant further alleges Plaintiff and BridgeCap "knew these representations to be false or made these representations recklessly without knowledge concerning them." Defendant has also alleged the harm resulting from its reasonable reliance upon these representations— entering into the Lease. Defendant has alleged the "who, what, where, and how" of the alleged fraud counterclaims against BridgeCap to satisfy the special pleading requirements of Rule 9(b).

With respect to the "when" component, some of Defendant's allegations concerning the representations made by Plaintiff and BridgeCap have approximate dates (e.g., "summer of 2022" or "fall of 2022") or lack any date (e.g., the date of the oral representation BridgeCap would be willing to "tear up" the Greenhorn Pueblo Lease). In its reply, Defendant requests leave to further amend its counterclaims if the Court determines they are inadequately pled. The Court grants Defendant's request and will require it to further amend its First Amended Counterclaims to comply with Rule 9(b) by adding dates, or more specific dates, for the alleged representations.

Plaintiff also argues the counterclaims are barred as a matter of law because the "alleged representations relate to some vague future action by a third party, rendering Defendant's purported reliance on those representations unreasonable as a matter of law." Defendant disagrees and contends that claims based upon fraud can be based upon a future promise without the intent to perform. Tenth Circuit law supports Defendant's position. The general requirement is that a misrepresentation must relate to a pre-existing or present fact to be actionable and that "statements or promises about future occurrences are not actionable."[24] However, an exception exists "where

---

[24] *Flight Concepts Ltd. P'ship v. Boeing Co.*, 38 F.3d 1152, 1157 (10th Cir. 1994).

evidence establishes that, at the time the promise as to future events was made, the promisor did not intend to perform the promised action."[25] The Court finds Plaintiff has not met its burden to show Defendant's proposed counterclaims against BridgeCap are futile on this basis as a matter of law.

Finally, the Court has already addressed Plaintiff's futility argument with respect to Defendant's New Counterclaims based on Plaintiff's anticipated statute of frauds affirmative defense. Plaintiff's futility argument fails here for the same reasons discussed above in Section IV, namely because Defendant is not required, under the standards for amendment, to include allegations negating a statute of frauds affirmative defense Plaintiff may subsequently raise to Defendant's counterclaims. The Court finds Plaintiff has not met its burden to show any of Defendant's Fraud Counterclaims and New Counterclaims against BridgeCap are futile.

## C. Plaintiff's Argument that the Court Lacks Personal Jurisdiction Over BridgeCap is Premature

Plaintiff next argues Defendant's proposed counterclaims against BridgeCap are futile because this Court lacks personal jurisdiction over BridgeCap. Plaintiff argues Defendant has not and cannot allege any contacts, let alone minimum contacts, with Kansas to support personal jurisdiction over BridgeCap. Plaintiff states BridgeCap's place of incorporation and principal place of business are in Texas, making Texas the "paradigmatic forum" for general jurisdiction. It argues Defendant's allegations do not support general jurisdiction over BridgeCap in Kansas because Defendant only alleges *Plaintiff* had contacts with Kansas—the sole contact being the purchase of the leased property by Plaintiff, not BridgeCap. Plaintiff argues the remainder of Defendant's allegations regarding BridgeCap only involve vague references to supposed representations by

---

[25] *Id.*

BridgeCap, with no indication as to where any of these representations were made or if they were even related to a specific property or locale.

Defendant contends the Court has personal jurisdiction over BridgeCap, noting the entire premise of its proposed counterclaims is that "BridgeCap (and its subsidiary Plaintiff)" induced Defendant to enter into leases for property located in Kansas with intentionally false promises. Those leases include the specific Lease at issue here, for property located in Shawnee, Kansas, and another lease for property located in Lenexa, Kansas.

The Court declines to address Plaintiff's personal jurisdiction futility argument here.[26] Defendant is seeking leave to join BridgeCap—a company affiliated with Plaintiff—on its counterclaims. BridgeCap has not yet been served. Whether BridgeCap's contacts with Kansas are sufficient for the Court to exercise personal jurisdiction over BridgeCap may appropriately be raised in a motion to dismiss filed after Defendant serves summons and the First Amended Counterclaims upon BridgeCap. But Plaintiff's futility argument here is premature.

The Court therefore grants Defendant's request for leave to amend to join BridgeCap as a counterclaim defendant under Rule 13(h) on its existing Fraud Counterclaims and New Counterclaims under permissive joinder Rule 20(a)(2). Defendant is granted leave to file its First Amended Counterclaims, subject to the requirement it further amend the First Amended Counterclaims to add dates, or more specific dates, for the alleged representations made by Plaintiff or BridgeCap upon which Defendant allegedly relied when entering into the Lease. As BridgeCap has not been served, Defendant must serve summons and a copy of the First Amended

---

[26] *See Steinert v. The Winn Grp., Inc.*, 190 F.R.D. 680, 682 (D. Kan. 2000) (finding the parties provided insufficient information for the court to address the personal jurisdictional futility arguments in the context of a motion seeking to join new parties).

Counterclaims upon BridgeCap **within thirty (30) days** after filing the First Amended Counterclaims.

## VI.  Joinder of CTWAH as Counterclaim Plaintiff

Defendant also requests leave to join its own parent company, CTWAH, as a counterclaim plaintiff on the two existing Fraud Counterclaims and two of the New Counterclaims (breach of oral contract and breach of fiduciary duties). Plaintiff opposes joinder of CTWAH, arguing it is not a necessary or indispensable party under Rule 19 and Defendant should not be permitted to join CTWAH because joinder of CTWAH, a Texas company, as a counterclaim plaintiff would destroy diversity jurisdiction.

### A.    Joinder of CTWAH is Not Required Under Rule 19

It has long been the rule that, to satisfy the diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1), the plaintiffs and defendants must be completely diverse: No plaintiff can be a citizen of the same state as any defendant.[27] Moreover, "[d]iversity jurisdiction, once established, is not defeated by the addition of a non-diverse party to the action."[28] However, diversity jurisdiction will be destroyed if it is determined that a later-joined, non-diverse party was indispensable to the action at the time it commenced.[29]  The crux of the jurisdictional issue is whether the later-joined, non-diverse party joined "was indispensable at the time the original complaint was filed."[30]

---

[27] *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978).

[28] *Freeport–McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam).

[29] *Salt Lake Trib. Pub. Co., LLC v. AT & T Corp.*, 320 F.3d 1081, 1096 (10th Cir. 2003).

[30] *Id.*

In deciding whether a party is indispensable under Rule 19(b), the court applies a two-part analysis.[31] First, the court determines under Rule 19(a) "whether the party is necessary to the suit and must therefore be joined if joinder is feasible.[32] A person is "necessary" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[33]

Second, if the absent person is necessary, but joinder is not feasible, the court must then determine under Rule 19(b) whether the party is indispensable.[34] In order to conclude that a party is indispensable, the court must find "in equity and good conscience" that the action should not proceed in the party's absence.[35] The purpose of Rule 19 is "to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources."[36]

---

[31] *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996); *Kansas City Royalty Co. v. Thoroughbred Assocs., L.L.C.*, 215 F.R.D. 628, 630 (D. Kan. 2003). Some cases refer to this as a three-step process, but the analysis is the same. *See Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001) (treating the "necessary" determination as a separate step from whether joinder is "feasible").

[32] *Rishell*, 94 F.3d at 1411.

[33] Fed. R. Civ. P. 19(a)(1).

[34] *Rishell*, 94 F.3d at 1411.

[35] Fed. R. Civ. P. 19(b); *Sac & Fox Nation of Mo. v. Norton*, 240 F.3d 1250, 1259 (10th Cir. 2001).

[36] *Cross Timbers Oil Co. v. Rosel Energy, Inc.,* 167 F.R.D. 457, 459 (D. Kan. 1996) (citations omitted).

Under the first step, the Court must determine whether CTWAH is a "necessary" party pursuant to Rule 19(a)(1), which sets forth the standards under which a person is "required" to be joined as a party.[37] Defendant argues its parent company CTWAH is "necessary" because BridgeCap made the intentional false promises to provide financing to both Defendant and CTWAH, which induced Defendant to enter into the subject Lease with Plaintiff. Defendant also argues CTWAH's proposed fraudulent inducement and fraud by silence counterclaims both seek relief that the Lease be deemed void or voidable. According to Defendant, disposition of this case, without CTWAH as a party, creates a substantial risk of subjecting both it and CTWAH to inconsistent obligations based upon different fact finders. One trier of fact could conclude that Defendant is the only entity that these misrepresentations were made to, while the other could conclude that CTWAH was the only party defrauded—potentially resulting in two triers of fact concluding that fraud occurred, while also issuing a defense verdict in each case.

In contrast, Plaintiff argues CTWAH is not a necessary or indispensable party to this lawsuit because Defendant and CTWAH are different entities, CTWAH is not a party to the Lease, and Defendant can maintain its counterclaims without CTWAH's participation entirely. Nor has Defendant explained how CTWAH would be damaged by Defendant's reliance on the purported misrepresentations in entering into the Lease. Plaintiff argues the fact CTWAH purportedly has independent claims it wants to assert as counterclaims against Plaintiff and BridgeCap is not relevant to whether CTWAH is required to be joined in this case.

---

[37] Earlier case law generally describes those parties who should be joined under Fed. R. Civ. P. 19(a) as "necessary" parties, and those necessary parties whose absence requires that a case be dismissed under Rule 19(b) as "indispensable" parties, or "necessary and indispensable" parties. The 2007 amendments to the rules changed the term "necessary" parties to "required" parties. *See* Fed. R. Civ. P. 19. These amendments were stylistic only, however, and much of the case law interpreting rule 19 predates the amendments and refers to necessary and indispensable parties. *Hernandez v. Chevron U.S.A., Inc.*, 347 F. Supp. 3d 921, 961 (D.N.M. 2018) (citing Fed. R. Civ. P. 19 advisory committee's note to 2007 amendment).

Applying the above legal standards, the Court concludes CTWAH is not a required (i.e., "necessary") party under the Rule 19(a)(1)(A) criteria. Key here is whether the Court can accord complete relief among *existing parties* in CTWAH's absence. Plaintiff commenced this action based upon Defendant's alleged breach of the Lease, which was only between Plaintiff and Defendant. Also key here is the fact that CTWAH was *not* a party to the Lease.[38] Therefore, under Rule 19(a)(1)(A), joinder of CTWAH was not required for complete relief on Plaintiff's claim for breach of the Lease against Defendant or Defendant's counterclaims against Plaintiff. Defendant has not demonstrated that without CTWAH complete relief cannot be accorded among the existing parties to this case.

Nor has Defendant shown, pursuant to Rule 19(a)(1)(B), that CTWAH has any interest in the Lease that would be impaired by disposing of this case without it, or any obligation under the Lease that would subject it to a substantial risk of incurring multiple or otherwise inconsistent obligations. Defendant asserts CTWAH is the "100% owner" of Defendant.[39] Defendant seeks to assert its two Fraud Counterclaims also on behalf of CTWAH, as well as its new breach of oral contract and breach of fiduciary duty counterclaims. Each of these proposed counterclaims asserts the same factual basis as to Defendant and CTWAH; essentially every time Defendant is referenced in these proposed counterclaims, Defendant and CTWAH are referenced. There is no apparent independent factual basis for CTWAH's proposed counterclaims in this litigation.[40] In

---

[38] *See* Lease, Ex. 1 to Compl., ECF No. 1, at 10.

[39] ECF No. 21-1, ¶ 4.

[40] ECF No. 21-1, ¶¶ 29–42; 49–59.

addition, Defendant and CTWAH request identical relief on each of these counterclaims.[41] Any prejudice to a relevant party's interest "may be minimized if the absent party is adequately represented in the suit."[42] "If, as a practical matter, the interests of the absent part[y] will be adequately represented, their interests will not be impaired . . . ."[43] The Court concludes Defendant can be expected to adequately represent CTWAH's interests. Plaintiff does not contend otherwise, and there is no reason to believe Defendant cannot or will not make any reasonable arguments that CTWAH would make if it were a party. Finally, Defendant's argument that joinder of CTWAH is necessary to avoid a substantial risk of subjecting it and CTWAH to inconsistent obligations is both confusing and unpersuasive. The Court is not convinced that deciding this case, without CTWAH as a party, would create a substantial risk of subjecting both Defendant and CTWAH to inconsistent *obligations*, when they are the ones affirmatively asserting counterclaims against Plaintiff and BridgeCap. The Court finds CTWAH is not a required party under Rule 19(a)(1).

Because CTWAH is not a required party, the Court's required joinder analysis under Rule 19(a) stops here at the first step. It need not proceed to the second step—whether CTWAH is "indispensable" under Rule 19(b).[44]

While it need not reach the issue, the Court also notes Defendant did not raise the issue of CTWAH's indispensability—which it now argues requires CTWAH be joined and the case

---

[41] *Id.*

[42] *Rishell*, 94 F.3d at 1411. *See also Bombardier Inc. v. Mitsubishi Aircraft Corp.*, 331 F.R.D. 427, 433 (W.D. Wash. 2019) (finding the defendants' corporate parent was not a necessary party under Rule 19(a) as the existing defendants could "adequately represent" their corporate parent's alleged interests).

[43] *Rishell*, 94 F.3d at 1412.

[44] *See id.* at 1411 (indicating that a court must determine whether the party in question is necessary under Rule 19(a) before proceeding to decide whether the party is indispensable under Rule 19(b)).

dismissed for lack of diversity—when it filed its original Answer on May 24, 2024, or initially in this motion to amend filed more than two months later. Defendant only argued CTWAH should be *permissively* joined in its motion. It did not cite or mention Rule 19 or argue Rule 19's requirements for joinder of CTWAH were satisfied. Defendant first raised its argument that its parent company CTWAH is a Rule 19 "necessary and indispensable" party in its reply brief, after Plaintiff filed its response opposing joinder of CTWAH. This further undercuts Defendant's argument that CTWAH is "necessary and indispensable" and must be joined under Rule 19 and this case dismissed for lack of diversity.[45]

### B.    Permissive Joinder of CTWAH is Proper Under Rule 20

As joinder of CTWAH is not required under Rule 19(a)(1), the Court considers whether Defendant can permissively join CTWAH as a counterclaim plaintiff under Rule 20. Defendant argues in its motion that the requirement for permissive joinder of CTWAH is satisfied because "all of the allegations as to CTWAH in the First Amended Counterclaims stem from exactly the same facts as the Counts in the Counterclaims."[46] Plaintiff argues Defendant has raised the same arguments and defenses regarding its purported reliance on the same misrepresentations in two separate actions concerning the other leases, and joining CTWAH will just further delay this action.

Defendant is proposing to join CTWAH as a counterclaim <u>plaintiff</u>, therefore the Court looks to Rule 20(a)(1) governing permissive joinder of plaintiffs. That Rule provides persons may join in one action as plaintiffs if:

---

[45] *See Salt Lake Trib.,* 320 F.3d at 1098 (the court's determination that an entity was not an indispensable party was "bolstered, but not determined, by the fact that no party in the case considered [the entity sought to be joined] to be indispensable at the time the action commenced").

[46] ECF No. 21 at 4.

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.[47]

The Court finds Defendant's request to join CTWAH as a counterclaim plaintiff on its existing Fraud Counterclaims against Plaintiff and BridgeCap satisfies Rule 20(a)(1) regarding permissive joinder. Defendant alleges in the proposed First Amended Counterclaims that the founding partners of BridgeCap made representations to both Defendant and its parent, CTWAH, offering substantial financial assistance to both in order to induce Defendant to enter the Lease. CTWAH is asserting a right to relief in these counterclaims that arises out of the same Lease-related communications at issue and which involves common issues of law and fact. With respect to CTWAH's proposed three New Counterclaims, Defendant also seeks to join CTWAH on the breach of oral contract and breach of fiduciary duties counterclaims. The Court finds the relief asserted in these counterclaims also arises out of the same transactions or series of transactions— that is, the communications allegedly made to both Defendant and CTWAH inducing Defendant to enter the Lease—and would raise common questions of fact and law. Permitting joinder of CTWAH on Defendant's counterclaims will promote the goals of Rule 20 to expedite the final determination of all the disputes arising from the same communications, without the necessity of another lawsuit by CTWAH on these counterclaims against Plaintiff and BridgeCap.[48]  The Court concludes Defendant's permissive joinder of CTWAH as a counterclaim plaintiff under Rule 13(h)

---

[47] Fed. R. Civ. P. 20(a)(1).

[48] *See SourceRock Energy*, 2022 WL 1125565, at *2 ("The purpose of Rule 20(a) is to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.") (quoting 7 Wright, Miller & Kane, *Federal Practice and Procedure* § 1652).

on the existing Fraud Counterclaims and counterclaims for breach of oral contract and breach of fiduciary duties is proper under Rule 20(a)(1). The Court therefore grants Defendant's request to join its parent, CTWAH, as a counterclaim plaintiff on the Fraud Counterclaims and counterclaims for breach of oral contract and breach of fiduciary duties against Plaintiff and BridgeCap.[49] Defendant shall serve a copy of the First Amended Counterclaims upon CTWAH **within thirty (30) days** after filing it.

### C.    Supplemental Jurisdiction Over the Claims to Be Asserted by CTWAH

In any event, the counterclaims CTWAH seeks to assert against Plaintiff and BridgeCap would fall within the Court's supplemental jurisdiction. Once original jurisdiction is established, 28 U.S.C. § 1367(a) grants supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.[50] "[S]uch supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."[51] A claim is part of the same case or controversy if it "'derive[s] from a common nucleus of operative fact.'"[52] Here, the counterclaims CTWAH seeks to assert are the same counterclaims that Defendant asserts against Plaintiff and BridgeCap, thus CTWAH's claims are related to and form part of the same

---

[49] Defendant also requests permission for CTWAH to intervene in this case as a party to the counterclaims. The Court is granting Defendant's request to join CTWAH as a counterclaim plaintiff on all the counterclaims under Rule 13(h), therefore the Court need not address Defendant's request—asserted on behalf of CTWAH—that CTWAH be allowed to intervene under Rule 24 in this action.

[50] 28 U.S.C. § 1367(a). *See Price v. Wolford*, 608 F.3d 698, 702 (10th Cir. 2010) ("Once a district court has jurisdiction, additional claims and parties can be added under the supplemental-jurisdiction statute, 28 U.S.C. § 1367(a).").

[51] 28 U.S.C. § 1367(a).

[52] *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

case or controversy and are therefore eligible for supplemental jurisdiction under Section 1367(a), subject to any exclusions for diversity cases under Section 1367(b).

If the district court's original jurisdiction is founded solely on diversity, 28 U.S.C. § 1367(b) expressly excludes certain claims from supplemental jurisdiction:

> "[D]istrict courts shall *not* have supplemental jurisdiction under subsection (a) over claims <u>by plaintiffs against persons made parties under Rule 14, 19, 20, or 24</u> of the Federal Rules of Civil Procedure, or over claims <u>by persons proposed to be joined as plaintiffs under Rule 19</u> of such rules, or <u>seeking to intervene as plaintiffs under Rule 24</u> of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."[53]

Section 1367(b) thus withholds supplemental jurisdiction over the claims of *plaintiffs* proposed to be joined as required parties under Rule 19. For permissive joinder of persons under Rule 20, "[c]laims against persons made parties under Rule 20 are forbidden, but claims by parties who join under Rule 20 are allowed."[54] The statute does not mention persons made parties to a counterclaim or crossclaim under Rule 13(h). "[T]he statute exempts *defendants* from the restrictions of § 1367(b) and thus fully preserves supplemental jurisdiction for claims asserted by *defendants* in all actions, whether founded on federal question, diversity of citizenship, or any other jurisdictional basis."[55] The term "plaintiff" in § 1367(b) "refers to the original plaintiff in the action—not to a defendant that happens also to be a counter-plaintiff, cross-plaintiff, or third-party-plaintiff."[56] Section 1367(b) plays "no role in claims, such as counterclaims and crossclaims,

---

[53] 28 U.S.C. § 1367(b) (underlining added).

[54] *Stromberg Metal Works, Inc. v. Press Mech., Inc.*, 77 F.3d 928, 932 (7th Cir. 1996).

[55] *Price*, 608 F.3d at 703 (quoting Denis F. McLaughlin, *The Federal Supplemental Jurisdiction Statute—A Constitutional and Statutory Analysis*, 24 Ariz. St. L.J. 849, 857 (1992)) (emphasis added).

[56] *State Nat. Ins. Co. Inc. v. Yates*, 391 F.3d 577, 580 (5th Cir. 2004). *See also Bowers v. Mortg. Elec. Registration Sys.*, No. 10-4141-JTM, 2011 WL 3349297, at *6 (D. Kan. Aug. 3, 2011) (finding the exceptions found in 28 U.S.C. § 1367(b) apply to plaintiffs, not defendants).

asserted by defendants or third-party defendants. . . . Moreover, it is clear that a defendant or third-party defendant does not become a 'plaintiff for purposes of § 1367(b) by asserting a claim.'"[57]

In this case, the Court will grant Defendant's request that CTWAH be permissively joined under Rule 20(a)(1) to bring the Fraud Counterclaims and two breach counterclaims against Plaintiff and BridgeCap. Section 1367(b) only excludes "claims by plaintiffs *against* persons made parties" under Rule 20.[58] This Section does not expressly exclude claims *brought by* persons made parties under Rule 20. The counterclaims therefore do not fall within any of the exclusions from supplemental jurisdiction in diversity cases set forth in Section 1367(b). The Court thus finds that it has supplemental jurisdiction over newly joined CTWAH's proposed Fraud Counterclaims and new breach counterclaims. This interpretation of the statute comports with congressional intent to prevent plaintiffs from using supplemental jurisdiction to circumvent the diversity requirement by amending to add a non-diverse party. In contrast, "[b]ecause defendants are involuntarily brought into court, their joinders and impleaders [are] not deemed as suspect as those of the plaintiff, who is master of his complaint."[59]

The Court recognizes there could be a question whether joinder of allegedly non-diverse CTWAH deprives the Court of subject matter jurisdiction.[60] *However*, the Court need not address

---

[57] *Price*, 608 F.3d at 703 (quoting 13D Wright, Miller & Kane, *Federal Practice and Procedure* § 3567.2).

[58] 28 U.S.C. § 1367(b) (emphasis added).

[59] *Denver NMR, Inc. v. Front Range Mobile Imaging, Inc.*, No. 08-CV-02695-KMT-BNB, 2009 WL 1538080, at *5 (D. Colo. June 1, 2009).

[60] The parties' pleadings and briefing are not sufficient for the Court to determine CTWAH's citizenship for purposes of diversity jurisdiction. Both Defendant and Plaintiff base their respective arguments on CTWAH being "a Texas entity," however, CTWAH is a limited liability company whose citizenship is determined by the citizenship of all its LLC members. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members.").

this issue because it finds it has <u>supplemental</u> jurisdiction over the counterclaims to be asserted by CTWAH under 28 U.S.C. § 1367(a), which are not expressly excluded under § 1367(b).

## VII.    Summary of Rulings and Further Amendment Required

In summary, Defendant may join BridgeCap as a counterclaim defendant on the Fraud Counterclaims and New Counterclaims under Fed. R. Civ. 13(h) and 20(a); Defendant may join CTWAH as a counterclaim plaintiff on the Fraud Counterclaims and new counterclaims for breach of oral contract and breach of fiduciary duties under Fed. R. Civ. 13(h) and 20(a); joinder of CTWAH is not required under Rule 19(a)(1); but permissive joinder of CTWAH is allowed; the Court has supplemental jurisdiction over the counterclaims to be asserted by CTWAH as provided in 28 U.S.C. § 1367(a) and not excluded by § 1367(b); and the proposed counterclaims are not futile. Accordingly, the Court grants Defendant's Motion for Leave to File Amended Counterclaims and Intervene (ECF No. 21).

The Court also grants Defendant's request to further amend the Fraud Counterclaims to address pleading deficiencies. Defendant shall further amend its proposed First Amended Counterclaims to add dates, or more specific dates, for the alleged representations made by Plaintiff or BridgeCap upon which Defendant allegedly relied upon to enter into the Lease. The Court further notes the caption of Defendant's proposed First Amended Counterclaims does not include BridgeCap or CTWAH, but merely adds "et al." after both Plaintiff's name and Defendant's name, suggesting BridgeCap is being joined as a "plaintiff" and CTWAH is being joined as a "defendant." To prevent further confusion, the Court requires Defendant to expand the

---

Defendant does not indicate the citizenship of the member or members of limited liability company CTWAH in its proposed First Amended Counterclaims. It merely alleges Nick Nelson is the chief executive officer and "100% owner of CTWAH, through another company." Plaintiff likewise does not allege the citizenship of CTWAH's members but bases its arguments on the presumption that CTWAH is a citizen of Texas.

caption of the First Amended Counterclaims to reflect that Defendant and CTWAH are counterclaim plaintiffs, and Plaintiff and BridgeCap are counterclaim defendants. After adding dates and revising the caption, Defendant shall file its proposed First Amended Counterclaims **within ten (10) days of the date** of this Memorandum and Order.

Finally, Defendant shall serve its revised First Amended Counterclaims upon newly joined parties BridgeCap and CTWAH, along with a summons to BridgeCap, **within thirty (30) days after filing the First Amended Counterclaims.**

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to File Amended Counterclaims and Intervene (ECF No. 21) is granted. Defendant shall file its proposed First Amended Counterclaims, with the additional dates added and the caption revised, **within ten (10) days of the date of this Memorandum and Order**.

**IT IS FURTHER ORDERED** that Defendant shall serve a copy of the First Amended Counterclaims upon newly added counterclaim defendant, BridgeCap Partners, LLC, and counterclaim plaintiff, CTW Acquisition Holdings, LLC, along with a summons to BridgeCap, **within thirty (30) days after it files the First Amended Counterclaims**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 33) is granted. Plaintiff's sur-reply, attached as an exhibit (ECF No. 33-1) to the motion, is deemed filed and was considered by the Court in its rulings herein.

IT IS SO ORDERED.

Dated November 12, 2024, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge